UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| NANCY MURRAY, individually and as Independent Executor of the Estate of STEVEN MARK MURRAY, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CIRRUS DESIGN CORPORATION d/b/a CIRRUS AIRCRAFT, a corporation,<br><br>Defendant. | Civil File No._____<br><br><br><br>**COMPLAINT** |

Plaintiff Nancy Murray, individually and as Independent Executor of the Estate of Steven Mark Murray, deceased, through the undersigned counsel, for her Complaint against Defendant Cirrus Design Corporation d/b/a Cirrus Aircraft ("Defendant Cirrus") states as follows:

**COUNT I**

1.    Plaintiff Nancy Murray is a resident of the State of Texas and is the court-appointed Independent Executor of the Estate of Steven Mark Murray, deceased. Decedent was a resident of the State of Texas. Defendant Cirrus is a corporation which is incorporated in the State of Wisconsin and has its principal place of business in the State of Minnesota.

2.    This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 as Plaintiff and Decedent are citizens of different states than Defendant and the amount in controversy exceeds $75,000.00. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the sole defendant, Defendant Cirrus, is a resident in this judicial district and substantial acts or omissions giving rise to Plaintiff's claims occurred in this judicial district.

1

3.   On August 30, 2015, Steven Mark Murray, deceased, was piloting a certain Cirrus SR22 aircraft, registration N765CD, ("the accident aircraft") from Kewanee Municipal Airport (EZI) Kewanee, Illinois to Memorial Field Airport (HOT) Hot Springs, Arkansas ("the accident flight").

4.   On a date prior to August 30, 2015, Defendant Cirrus designed, manufactured, assembled, and sold the accident aircraft.

5.   At the time the accident aircraft left the custody and control of Defendant Cirrus, it was defective and unreasonably dangerous in one or more of the following respects, among other defects:

(a)   it was subject to autopilot, autotrim, and electric trim malfunction and failure;

(b)   the avionics suite was of a design incapable of providing accurate information and was subject to failure;

(c)   the avionics suite was fully integrated such that a failure of one component could lead to the failure of another component; and,

(d)   the accident aircraft did not contain any warnings of the above-described defects.

6.   As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the accident aircraft, the engine on the accident aircraft had a loss of power and the accident aircraft was caused to, and did, violently crash in Kewanee, Illinois, and, as a consequent thereof, Decedent was injured and caused to expire.

7.   Decedent left surviving heirs and beneficiaries, including Plaintiff, for whose benefit this action is brought.

8.   Plaintiff and the other heirs and beneficiaries of Decedent have suffered a loss of support, loss of net accumulations, loss of household services and other services, loss of care, comfort, companionship, consortium, guidance and society and mental anguish, sorrow, and grief as the result of the death of Decedent.

WHEREFORE, Plaintiff Nancy Murray, individually and as Independent Executor of the Estate of Steven Mark Murray, deceased, through her undersigned counsel, prays for the entry of a judgment in her favor and against Defendant Cirrus Design Corporation d/b/a Cirrus Aircraft for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT II

1-5. As paragraphs 1-5 of Count II, Plaintiff realleges paragraphs 1-5 of Count I.

6.    As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the accident aircraft, the engine on the accident aircraft had a loss of power and the accident aircraft was caused to, and did, violently crash in Kewanee, Illinois and, as a consequent thereof, Decedent was caused to suffer multiple and diverse injuries of both a personal and a pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

7.    Had Decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

WHEREFORE, Plaintiff Nancy Murray, individually and as Independent Executor of the Estate of Steven Mark Murray, deceased, through her undersigned counsel, prays for the entry of a judgment in her favor and against Defendant Cirrus Design Corporation d/b/a Cirrus Aircraft for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT III

1-3. As paragraphs 1-3 of Count III, Plaintiff realleges paragraphs 1-3 of Count I.

4.    On a date prior to August 30, 2015, Defendant Cirrus designed, manufactured, assembled and sold the accident aircraft.

5.    At all times relevant hereto, Defendant Cirrus owed a duty to Plaintiff and Decedent to exercise reasonable care in the design, manufacture, assembly, and sale of the accident aircraft so as to not cause injury to, or the death of, Decedent.

6.    Defendant Cirrus negligently breached the duty of care it owed to Plaintiff and Decedent through one or more of the following negligent acts or omissions:

(a)    negligently designed, manufactured, assembled, and sold the accident aircraft such that it was subject to autopilot, autotrim, and electric trim malfunction and failure;

(b)    negligently designed, manufactured, assembled, and sold the accident aircraft such that the avionics suite was of a design incapable of providing accurate information and was subject to failure;

(c)    negligently designed, manufactured, assembled, and sold the accident aircraft such that the avionics suite was fully integrated such that a failure of one component could lead to the failure of another component; and,

(d)    negligently failed to warn of the defects in the accident aircraft.

7.    As the direct and proximate result of one or more of the aforesaid negligent acts or omissions of Defendant Cirrus in breach of its duty owed, the engine on the accident aircraft had a loss of power and the accident aircraft was caused to, and did, violently crash in Kewanee, Illinois and, as a consequence thereof, Decedent was injured and caused to expire.

8.    Decedent left surviving heirs and beneficiaries, including Plaintiff, for whose benefit this action is brought.

9.    Plaintiff and the other heirs and beneficiaries of Decedent have suffered a loss of support, loss of net accumulations, loss of household services and other services, loss of care, comfort, companionship, consortium, guidance and society and mental anguish, sorrow, and grief as the result of the death of Decedent.

WHEREFORE, Plaintiff Nancy Murray, individually and as Independent Executor of the Estate of Steven Mark Murray, deceased, through her undersigned counsel, prays for the entry of a judgment in her favor and against Defendant Cirrus Design Corporation d/b/a Cirrus Aircraft for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT IV

1-4.  As paragraphs 1-4 of Count IV, Plaintiff realleges paragraphs 1-4 of Count I.

5.   At all times relevant hereto, Defendant Cirrus owed a duty to Plaintiff and Decedent to exercise reasonable care in the design, manufacture, assembly and sale of the accident aircraft so as to not cause injury to, or the death of, Decedent.

6.   Defendant Cirrus negligently breached the duty of care it owed to Plaintiff and Decedent through one or more of the following negligent acts or omissions:

(a)   negligently designed, manufactured, assembled, and sold the accident aircraft such that it was subject to autopilot, autotrim, and electric trim malfunction and failure;

(b)   negligently designed, manufactured, assembled, and sold the accident aircraft such that the avionics suite was of a design incapable of providing accurate information and was subject to failure;

(c)   negligently designed, manufactured, assembled, and sold the accident aircraft such that the avionics suite was fully integrated such that a failure of one component could lead to the failure of another component; and,

(d)   negligently failed to warn of the defects in the accident aircraft.

7.   As the direct and proximate result of one or more of the aforesaid negligent acts or omissions of Defendant Cirrus in breach of its duty owed, the engine on the accident aircraft had a loss of power and the accident aircraft was caused to, and did, violently crash in Kewanee, Illinois and, as a consequent thereof, Decedent was caused to suffer multiple and diverse injuries of both a personal and a pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

8.    Had Decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

WHEREFORE, Plaintiff Nancy Murray, individually and as Independent Executor of the Estate of Steven Mark Murray, deceased, through her undersigned counsel, prays for the entry of a judgment in her favor and against defendant Cirrus Design Corporation d/b/a Cirrus Aircraft for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

Dated: **09/28/2018**

ROBICHAUD, SCHROEPFER
& CORREIA, P.A.


Robert A. Correia (#0397291)
1601 Hennepin Avenue, Suite 200
Minneapolis, MN 55403
Telephone: (612) 333-3343
Fax:         (612) 332-8166
Email: robert@robichaudlaw.com

*Attorney for Nancy Murray, individually and as Independent Executor of the Estate of Steven Mark Murray, deceased.*