UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NANCY MURRAY, individually and as Independent Executor of the Estate of STEVEN MARK MURRAY, deceased, | Case No. 18-CV-02510 (NEB/LIB) |
| Plaintiff, | ORDER ON DEFENDANT'S MOTION TO DISMISS |
| v. | |
| CIRRUS DESIGN CORPORATION, d/b/a CIRRUS AIRCRAFT, a corporation, | |
| Defendant. | |

In this products liability case resulting from a fatal airplane crash, Defendant Cirrus Design Corporation ("Cirrus") argues that Plaintiff Nancy Murray, the executor of her husband's estate, lacks standing because she was not appointed as a trustee to bring the action, which is required under Minnesota law. Murray does not dispute that she was not appointed a trustee, but argues that Texas law, not Minnesota law, governs the case, and Texas law contains no trustee appointment requirement. For the reasons stated below, the Court agrees that Texas law applies and denies the motion to dismiss.

BACKGROUND

In August 2015, Steven Mark Murray was piloting a Cirrus SR22 aircraft from Illinois to Arkansas, when the aircraft experienced mechanical difficulties and crashed in Kewanee, Illinois. [ECF No. 1 ("Compl.") at ¶¶3, 6.] Murray sustained fatal injuries in the

1

crash. (*Id.*) Murray's wife, Nancy Murray, brought this suit in her individual capacity and as the court–appointed Independent Executor of the Estate of Steven Mark Murray. (*Id.*, ¶1.) Nancy Murray ("Murray") is, and Steven Murray was, a resident of Texas. (*Id.*, ¶1.) Defendant Cirrus is incorporated in Wisconsin and has its principal place of business in Minnesota. (*Id.*) Murray asserts four claims against Cirrus, alleging the aircraft was defectively designed and negligently designed, manufactured, assembled, and sold. (*See generally id.*) The Complaint alleges the wrongful death of Steven Murray, stating "[h]ad Decedent survived, he would have been entitled to bring an action for damages, and such action has survived him." (*Id.*, ¶7.)

Cirrus argues that Murray failed to petition this Court or any other court to appoint her as trustee to bring this action, as required by Minn. Stat. § 573.02, or that she was so appointed before filing the Complaint. Minnesota law requires this appointment prior to the filing of a wrongful death suit:

> When death is caused by the wrongful act or omission of any person or corporation, the trustee appointed as provided in subdivision 3 may maintain an action therefor if the decedent might have maintained an action, had the decedent lived, for an injury caused by the wrongful act or omission.
>
> …
>
> Any other action under this section may be commenced within three years after the date of death…

Minn. Stat. § 573.02, subd. 1. The statute also provides the procedure for appointing the required trustee:

> Upon written petition by the surviving spouse or one of the next of kin, the court having jurisdiction of an action falling within the provisions of subdivisions 1 or 2, shall appoint a suitable and competent person as trustee to commence or continue such action and obtain recovery of damages therein. The trustee, before commencing duties shall file a consent and oath….

Minn. Stat. § 573.02, subd. 3. Maintaining a wrongful death action under Minnesota law thus requires the surviving spouse or next of kin to petition the court within three years of the decedent's death so that the court can appoint the trustee. *Id.*

Murray does not deny that she has not been and cannot now be properly appointed as trustee under Minn. Stat. § 573.02. Rather, she asserts that Texas's wrongful death statute governs the claims under Minnesota's choice of law analysis, and Texas law has no such trustee appointment requirement. Under Texas's wrongful death statute, "[a]n action for actual damages arising from an injury that causes an individual's death may be brought if liability exists under this section." Tex. Civ. Prac. & Rem. Code § 71.002(a). The statute sets forth the persons who may benefit from and bring a wrongful death action:

> (a) An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.
> (b) The surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all.
> (c) If none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals.

Tex. Civ. Prac. & Rem. Code § 71.004. Thus, under Texas law, Plaintiff may bring a wrongful death lawsuit because she is the surviving spouse of the decedent and is the duly appointed independent executor of decedent's estate.

I.  **STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations and view them in the light most favorable to the plaintiff. *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). When "addressing a motion to dismiss, the court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mulvenon v. Greenwood*, 643 F.3d 653, 656–57 (8th Cir. 2011) (quotation and citation omitted).

Here, the sole issue for the Court to determine is whether the Complaint must be dismissed for lack of standing due to Murray's failure to seek appointment as a trustee under the Minnesota statute. If Minnesota law governs, Murray does not have standing to bring the suit. If Texas law governs, Murray may bring this suit, because Texas law has no trustee appointment requirement.

## II. CHOICE OF LAW

To determine the state law governing Murray's claims, the Court applies Minnesota's choice of law rules. *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1123 (8th Cir. 2012). Minnesota's three–step analysis first inquires whether the different states' laws actually present a conflict—that is, if the choice of law is outcome–determinative. *Id.* Second, the Court must consider "whether the different states' laws constitutionally may be applied to the case at hand." *Id.* (citation omitted). Appling a state's law is constitutionally permissible where "that State [ ] ha[s] a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Jepson v. Gen. Cas. Co. of Wisconsin*, 513 N.W.2d 467, 469–70 (Minn. 1994) (citing *Allstate Ins. Co. v. Hague,* 449 U.S. 302, 312-13 (1981)). Third, the following factors must be considered: (1) predictability of result; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interest; and (5) application of the better rule of law. *Milkovich v. Saari*, 203 N.W.2d 408, 412 (Minn. 1973).

Here, the parties agree that the choice between the wrongful death statutes of Minnesota and Texas is outcome–determinative.[1] Although not raised by either party,

---

[1] Cirrus initially argues in its reply brief that the differences between the two statutes do not create a material conflict because Murray failed to meet both states' statute of limitations and thus Murray's claims are time–bared as a matter of law. [ECF No. 18 ("Def.'s Reply Br.") at 4.] However, as noted at oral argument, the Court will not address

either state's law may be constitutionally applied as both Minnesota and Texas have sufficient contacts to the claims at issue. The parties also agree that the first, third, and fifth factors are not determinative in this case. The focus, therefore, is on the second and fourth factors—maintenance of interstate order and advancement of the forum's governmental interest.

### A. Maintenance of interstate order

The second factor, maintenance of interstate order, is "primarily concerned with whether the application of Minnesota law would manifest disrespect for [Texas's] sovereignty or impede the interstate movement of people and goods." *Jepson*, 513 at 471. "This factor is relevant in tort suits where there is evidence of forum shopping and Minnesota has only a remote connection to the claim." *Blake Marine Grp. v. CarVal Inv'rs LLC*, 829 F.3d 592, 596 (8th Cir. 2016) (citation and quotation omitted). This factor weighs in favor of the state with the most significant contacts with the relevant facts. *Hughes v. Wal-Mart Stores, Inc.*, 250 F.3d 618, 620 (8th Cir. 2001).

This is not a case of forum shopping, as Murray is encouraging the application of Texas law and not the forum state's law. The parties disagree, however, on which state has more significant contacts. Considering only the facts as alleged in the Complaint, the contacts at issue are that Murray is and her husband was a resident of Texas, and Cirrus's

---

the statute of limitations argument in this motion because it has not been fully addressed by the parties and would be the subject of a separate motion.

principal place of business is in Minnesota. The contacts are limited to the parties' domicile and thus neither state has a more significant interest. *See Blake Marine Grp*, 829 F.3d at 596 (concluding the second factor was neutral when the alleged tortious interference occurred and a defendant was based in Minnesota, but the plaintiff resided in and the injury occurred in Alabama); *Hughes*, 250 F.3d at 621 (providing that the state where the plaintiff lived and the accident occurred had more significant contact than the state where the defendant was headquartered). This factor, therefore, favors neither state's law.

**B.  Advancement of the forum's governmental interest**

The fourth factor prevents Minnesota courts from applying a rule of law that is inconsistent with Minnesota's concepts of fairness and equity. *Schmelzle v. ALZA Corp.*, 561 F. Supp. 2d 1046, 1049 (D. Minn. 2008). It "requires analysis not only of Minnesota's governmental interest, but also of [Texas's] public policy." *Blake Marine Grp.*, 829 F.3d at 596 (citation and quotation omitted). Cirrus argues Minnesota has a strong interest in the application of its own wrongful death statute to its resident defendant and in enforcing the conscious limits of the wrongful death statute. (Def.'s Reply Br. at 8.) But the Eighth Circuit has rejected this argument. *See Blake Marine Grp.*, 829 F.3d at 596 (citing and quoting *Hughes*, 250 F.2d at 631) (finding "that a forum state's 'interest in having its product liability laws enforced against its own corporate residents' did not support application of its law in that case, in which the plaintiff was a nonresident.")

7

In contrast, both states have an interest in compensating tort victims and "compensation of an injured plaintiff is primarily a concern of the state in which the plaintiff is domiciled." *Blake Marine Grp.*, 829 F.3d at 596 (citation omitted). As in *Blake*, this Court "fail[s] to see how any important Minnesota governmental interest is significantly furthered" by employing Minnesota law for injuries that occurred in another state to a nonresident. *Id.* (citation omitted). Rather, Texas's interest in compensating Murray, a Texas resident, outweighs Minnesota's interest and favors applying Texas law. *Id.*; *see also Schmelzle*, 561 F. Supp. 2d at 1050 (concluding that Wyoming had a stronger interest than Minnesota in the applying its own wrongful death statute when the contacts to Minnesota were limited to defendants' facility in Minnesota). Application of this factor favors Texas law, and thus the choice of law analysis as a whole favors Texas law. Therefore, Plaintiff was not required to be appointed as trustee under Minn. Stat. § 573.02 and has standing under Texas law to bring this action.[2] Thus, the motion to dismiss must be denied.

IT IS SO ORDERED.

Dated: March 7, 2019                                       BY THE COURT:

                                                                                     s/Nancy E. Brasel
                                                                                      Nancy E. Brasel
                                                                                      United States District Judge

---

[2] Because the Court finds Texas law applies, the Court need not reach the issue of whether appointment of a trustee is a condition precedent to bringing a wrongful death action under Minn. Stat. 573.02 and whether the federal probate exception applies.